IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 20-666 (MN) ) |
| SPRINTCOM, INC., | ) JURY TRIAL DEMANDED ) |
| Defendant. | ) |

**DEFENDANT SPRINTCOM, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant SprintCom, Inc. ("SprintCom")[1], by and through its undersigned counsel, submits this Answer and Affirmative Defenses to Plaintiff's Complaint (the "Complaint") served by Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Rothschild").

SprintCom denies all allegations in the Complaint that are not expressly admitted below. SprintCom incorporates the headings used by Rothschild in its Complaint for the convenience of the Court. SprintCom does not agree with any factual characterizations nor admit any allegations made in, or inferences suggested by, such headings, and instead denies them.

With respect to the unnumbered introductory paragraph in Rothschild's Complaint, SprintCom admits that Rothschild purports to bring an action for alleged infringement of U.S. Patent No. 8,856,221 (the "'221 Patent"). SprintCom denies that the Complaint sets forth valid or meritorious claims of patent infringement, and denies any allegation of infringement. SprintCom denies the remaining allegations in the introductory paragraph of Rothschild's Complaint.

---

[1] Although Plaintiff's Complaint names Boost Worldwide, LLC, the Court has since ordered that SprintCom, Inc. is substituted as the defendant in this action in place of Boost Worldwide, LLC. *See* D.I. 8 (June 30, 2020). Therefore, all allegations directed to Boost Worldwide, LLC in the Complaint are treated as being directed to SprintCom, Inc., and not Boost Worldwide, LLC, and SprintCom, Inc. is answering accordingly herein.

## PARTIES

1. SprintCom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis denies them.

2. SprintCom admits that Corporation Service Company is located at 251 Little Falls Drive, Wilmington, Delaware 19808, and is a registered agent for SprintCom. SprintCom denies any remaining allegations of paragraph 2.

## JURISDICTION AND VENUE

3. SprintCom admits that Rothschild purports to bring an action arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* SprintCom admits that Rothschild purports to seek damages, as well as attorney fees and costs. SprintCom denies the remaining allegations of paragraph 3.

4. SprintCom admits that the Complaint purports to state a claim over which this Court has subject matter jurisdiction, but denies that the Complaint sets forth valid or meritorious claims of patent infringement, and denies any allegation of infringement. SprintCom denies the remaining allegations of paragraph 4.

5. Denied.

6. SprintCom admits that the accused boostTV streaming service has been offered for sale and/or sold in this District. SprintCom denies the remaining allegations of paragraph 6.

7. Denied.

## BACKGROUND

8. SprintCom admits that the '221 Patent states on its face that it was issued on October 7, 2014, and that it is titled "System and Method for Storing Broadcast Content in a Cloud-Based Computing Environment." SprintCom is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of paragraph 8, and on that basis denies them.

9. SprintCom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and on that basis denies them.

10. SprintCom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and on that basis denies them.

11. SprintCom states that the '221 Patent speaks for itself. SprintCom denies the remaining allegations in paragraph 11.

## COUNT ONE
### (Infringement of United States Patent No. 8,856,221)

12. SprintCom repeats and incorporates by reference each preceding paragraph as if fully set forth here.

13. SprintCom admits that Rothschild purports to bring an action arising under the patent laws of the United States, in particular under 35 U.S.C. § 271, *et seq.*

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. SprintCom admits that paragraph 18 contains images that purport to be excerpts from websites (https://www.boostmobile.com/support/faq/plans-services/boosttv.html and https://play.google.com/store/apps/details?id=com.boostmobile.boosttv&hl=en), and that those excerpts speak for themselves. SprintCom denies any remaining allegations of paragraph 18.

19. SprintCom admits that paragraph 19 contains images that purport to be excerpts from websites (https://www.boostmobile.com/support/faq/plans-services/boosttv.html,

3

https://play.google.com/store/apps/details?id=com.boostmobile.boosttv&hl=en, and https://myaccount.boostmobile.com/sign-in.html?dest_PROFILE), and that those excerpts speak for themselves. SprintCom denies any remaining allegations of paragraph 19.

20. SprintCom admits that paragraph 20 contains an image that purports to be an excerpt from a website (https://myaccount.boostmobile.com/sign-in.html?dest_PROFILE), and that this excerpt speaks for itself. SprintCom denies any remaining allegations of paragraph 20.

21. SprintCom admits that paragraph 21 contains images that purport to be excerpts from websites (https://www.boostmobile.com/support/faq/plans-services/boosttv.html and https://play.google.com/store/apps/details?id=com.boostmobile.boosttv&hl=en), and that those excerpts speak for themselves. SprintCom denies any remaining allegations of paragraph 21.

22. SprintCom admits that paragraph 22 contains an image that purports to be an excerpt from a website (https://www.boostmobile.com/support/faq/plans-services/boosttv.html), and that this excerpt speaks for itself. SprintCom denies any remaining allegations of paragraph 22.

23. SprintCom admits that paragraph 23 contains images that purport to be excerpts from websites (https://www.boostmobile.com/support/faq/plans-services/boosttv.html and https://play.google.com/store/apps/details?id=com.boostmobile.boosttv&hl=en), and that those excerpts speak for themselves. SprintCom denies any remaining allegations of paragraph 23.

24. SprintCom admits that paragraph 24 contains images that purport to be excerpts from a website (https://www.boostmobile.com/support/faq/plans-services/boosttv.html), and that those excerpts speak for themselves. SprintCom denies any remaining allegations of paragraph 24.

25. SprintCom admits that paragraph 25 contains an image that purports to be an excerpt from a website (https://www.boostmobile.com/support/faq/plans-services/boosttv.html),

and that this excerpt speaks for itself. SprintCom denies any remaining allegations of paragraph 25.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. SprintCom admits that what purports to be a copy of the '221 Patent is attached to the Complaint as Exhibit A.

31. Denied.

32. Denied.

33. Denied.

34. SprintCom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and on that basis denies them.

35. Denied.

## DEMAND FOR JURY TRIAL

36. SprintCom admits that Rothschild's Complaint contains a demand for a jury trial under Rule 38 of the Federal Rules of Civil Procedure to which no response is required.

## PRAYER FOR RELIEF

SprintCom denies any factual allegations contained in the prayer for relief of the Complaint, and further denies that Rothschild is entitled to any of the relief sought.

## SPRINTCOM'S AFFIRMATIVE AND OTHER DEFENSES

Upon information and belief, and subject to its responses above, SprintCom asserts the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that SprintCom bears the burden of proof as to any of them or that any must be

5

pleaded as defenses. Regardless of how such defenses are listed, SprintCom undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. SprintCom expressly reserves the right to amend or raise additional defenses pursuant to any docket control order or as additional information becomes available through further investigation and discovery.

## FIRST DEFENSE
## (FAILURE TO STATE A CLAIM)

1. The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
## (NON-INFRINGEMENT)

2. SprintCom has not infringed and does not infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '221 Patent.

## THIRD DEFENSE
## (INVALIDITY, INELIGIBILITY, AND UNENFORCEABILITY)

3. The claims of the '221 Patent are invalid, ineligible, unenforceable, or void for failure to satisfy one or more of the requirements of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 251.

## FOURTH DEFENSE
## (PROSECUTION HISTORY ESTOPPEL/DISCLAIMER)

4. By reason of statements, representations, admissions, concessions, arguments, omissions, and/or amendments made by and/or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the '221 Patent, Rothschild's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer.

## FIFTH DEFENSE
## (EQUITABLE DEFENSES)

5. Rothschild's claims are barred, in whole or in part, under principles of equity, including but not limited to the doctrines of waiver, implied waiver, estoppel, equitable estoppel, acquiescence, and/or unclean hands.

## SIXTH DEFENSE
## (LACK OF STANDING)

6. To the extent that Rothschild is not or was not the sole and total owner of all substantial rights in the '221 Patent as of the filing date of the Complaint, Rothschild lacks standing to bring one or more claims in this lawsuit.

## SEVENTH DEFENSE
## (STATUTORY LIMITATION ON DAMAGES)

7. In the event that SprintCom is found to infringe any valid and enforceable claim of the '221 Patent, any damages are limited by, without limitation, 35 U.S.C. §§ 286, 287, and/or 288.

## EIGHTH DEFENSE
## (EXPRESS LICENSE, IMPLIED LICENSE, PATENT EXHAUSTION, AND SINGLE RECOVERY RULE)

8. Upon information and belief, Rothschild's claims are barred, in whole or in part, by express license agreements and/or under the doctrines of implied license, patent exhaustion, or single recovery rule. For example but without limitation, Rothschild's claims for damages for infringement are limited or entirely foreclosed to the extent that allegedly infringing components and/or products are supplied, directly or indirectly, to SprintCom by an entity or entities having a license to the '221 Patent.

### NINTH DEFENSE
### (ENSNAREMENT)

9.  Rothschild cannot assert the claims of the '221 Patent under the doctrine of equivalents because such an asserted claim scope would encompass or ensnare the prior art.

### TENTH DEFENSE
### (NO EXCEPTIONAL CASE)

10. Rothschild cannot prove that this is an exceptional case justifying an award of attorneys' fees against SprintCom pursuant to 35 U.S.C. § 285.

### ELEVENTH DEFENSE
### (RESERVATION OF REMAINING DEFENSES)

11. SprintCom reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future become available based on discovery.

### JURY DEMAND

SprintCom demands a trial by jury on all issues and claims so triable.

### PRAYER FOR RELIEF

SprintCom respectfully requests that the Court enter judgment in its favor and against Rothschild as follows:

A.  Dismissing Rothschild's claims against SprintCom with prejudice;

B.  Denying all relief that Rothschild seeks in its Complaint against SprintCom;

C.  Ruling in favor of SprintCom on all of SprintCom's affirmative defenses;

D.  Awarding SprintCom its expenses and costs in accordance with Rule 54(d) of the Federal Rules of Civil Procedure;

E.  Finding this case to be exceptional under 35 U.S.C. § 285, and awarding SprintCom its costs and attorneys' fees; and

F.      Awarding SprintCom any other relief that the Court deems just and proper.

|  |  |
|---|---|
| | POLSINELLI PC |
| | |
| | */s/ Stephen J. Kraftschik* |
| | Stephen J. Kraftschik (#5623) |
| | Christina B. Vavala (#6135) |
| | 222 Delaware Avenue, Suite 1101 |
| OF COUNSEL: | Wilmington, DE 19801 |
| | (302) 252-0920 |
| David E. Finkelson | skraftschik@polsinelli.com |
| MCGUIREWOODS LLP | cvavala@polsinelli.com |
| Gateway Plaza | |
| 800 East Canal Street | *Attorneys for Defendant SprintCom, Inc.* |
| Richmond, VA 23219-3916 | |
| (804) 775-1000 | |
| | |
| August 10, 2020 | |

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 10, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Jimmy Chong<br>CHONG LAW FIRM, P.A.<br>2961 Centerville Road, Ste. 350<br>Wilmington, DE  19808<br>(302) 999-9480<br>chong@chonglawfirm.com<br>*Attorneys for Plaintiff Rothschild Broadcast Distribution Systems, LLC* | *BY ELECTRONIC MAIL* |
| Jay Johnson<br>KIZZIA JOHNSON PLLC<br>1910 Pacific Avenue<br>Dallas, TX  75201<br>(214) 451-0164<br>jay@kjpllc.com<br>*Attorneys for Plaintiff Rothschild Broadcast Distribution Systems, LLC* | *BY ELECTRONIC MAIL* |

*/s/ Stephen J. Kraftschik*
Stephen J. Kraftschik (#5623)